UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:23 CR 203 |
| | ) | |
| vs. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| AARON CANTIE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Aaron Cantie's Motion for Detention Hearing and to Set Bond. (ECF #34). The Government filed a Response in Opposition. (ECF #88).

Mr. Cantie was originally indicted on April 6, 2023. (ECF #10). He was detained pending trial. (ECF #16). A Superceding Indictment was filed against Mr. Cantie on August 9, 2023, charging him with the following crimes:

- Conspiracy to Distribute and possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count One);

- Attempted Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count Two);

- Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count Three);

- Maintaining a Premises for the Purpose of Drug Trafficking, in violation of 21 U.S.C. § 856(a)(2) (Count Four);

- Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), and 924(a)(8) (Count Nine);

- Interstate Transportation in Aid of Racketeering, in violation of 18 U.S.C. § 1952 (a)(3) (Count Ten); and,

- Use of a Communication Facility to Facilitate a Felony Drug Offense, in violation of 21 U.S.C. §843(b) (Counts Fourteen through Twenty-Eight).

(EF #36).

At the arraignment on the Superceding Indictment, Mr. Cantie was again detained pending trial. (ECF #83). He now seeks reconsideration of that order and asks for pre-trial release with bond. The Bail Reform Act requires detention upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person. . . and the safety of any other person and the community." 18 U.S.C. §3142(e)(1). When a defendant has been indicted for a drug crime carrying a maximum penalty of 10 years imprisonment or more, there is a legal presumption that he poses a danger to the community and is a flight risk, and, therefore, should be detained. 18 U.S.C. §3142(e)(3)(A); *United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989). When the presumption is in place, the defendant bears the burden of producing some evidence that he does not pose a danger to the community or pose a flight risk. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Further, the presumption does not disappear once some contrary evidence has been presented, but rather retains evidentiary weight in a balancing of all available information. *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991); *United States v. Gray*,

20 F. App'x 473, 475 (6th Cir. 2001).

In support of his request for bond, Mr. Cantie cites his ties to Cleveland and his desire to care for his infant child who currently is being cared for by his relatives. Although they may provide some evidence to weigh against the presumption, they do not override the other factors that support a finding that Mr. Cantie would be flight risk if he were to be released pending trial. This includes Mr. Cantie's potential sentence, which includes a maximum penalty of life imprisonment. There is also evidence that Mr. Cantie maintained multiple premises and frequently traveled across the country. He also has a history of noncompliance while on supervision. These factors, even absent a presumption of detention, support a finding that detention is appropriate in this case.

Further, the scant evidence Mr. Cantie has offered of community ties and potential familial impact does not address, let alone overcome, the presumption of dangerousness. Again, if the presumption did not apply, the Government has demonstrated by clear and convincing evidence that there is no condition or combination of conditions that would ensure the safety of others or the community if Mr. Cantie were to be released on bond. Sub-section (g) of 18 U.S.C. §3142 sets forth the factors a court should consider when determining whether there are "conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," or whether detention is warranted.  These include:

- (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

- (2) the weight of the evidence against the person;

    (3)      the history and characteristics of the person, including –

        (A)      the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)      whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4)      the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. §3142(g).

        Mr. Cantie is charged with participating in a significant conspiracy to distribute fentanyl and cocaine across the Cleveland area over an extended period of time. There is no dispute that drug trafficking is universally considered to be a serious offense that presents a significant danger to the community. Further, Mr. Cantie is charged with being a felon in possession of a firearm and ammunition. It is further alleged that he possessed two Glock pistols, and as part of the conspiracy multiple firearms were kept to protect the premises where Mr. Cantie and his co-conspirators operated the criminal enterprise and kept controlled substances. The indictment cites multiple recordings as evidence of the alleged crimes. Further, Mr. Cantie has a history of prior convictions for drug trafficking and assault convictions, and has a history of non-compliance with

the terms of supervision which suggests that he is not amenable to following any requirements that would be imposed as a condition of release. Thus, the §3142 factors demonstrate that Mr. Cantie is a serious danger to others and the community. The Court, therefore, finds that there is both an unchallenged presumption that Mr. Cantie is a danger to the community, and clear and convincing evidence to show that there is no condition of combination of conditions that could adequately protect individuals and the community from danger and ensure his appearance if Mr. Cantie were to be released pending trial. Mr. Cantie's Motion for Bond is, therefore, DENIED. (ECF #34).

IT IS SO ORDERED.

DATED November 4, 2023

DONALD C. NUGENT
United States District Judge

5